IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RYAN THOMAS BECHARD,
                Plaintiff,                            OPINION AND ORDER

v.                                                         14-cv-608-wmc

WILLIAM E. WALLO and RODERICK CAMERON,
                Defendants.

---

*Pro se* plaintiff Ryan Thomas Bechard purports to file this suit as a "Bill in Equity," seeking injunctive relief against Attorney William E. Wallo and Chippewa County Circuit Court Judge Roderick Cameron with respect to a judgment entered against him in a state court proceeding. In addressing any *pro se* litigant's complaint, the court must construe the allegations generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this lenient standard, however, the court concludes that it lacks subject matter jurisdiction to hear Bechard's Bill.

## FACTS

Bechard is a resident of Chippewa Falls, Wisconsin. This case stems from Chippewa County Case No. 13CV403, which was filed by Wallo on behalf of his client, Tractor Central, LLC, and against Bechard for default on a financial loan contract for three pieces of John Deere farm equipment. On August 28, 2014, Judge Cameron issued an order granting Tractor Central immediate possession of the farm equipment, which Bechard claims to own.

Bechard seeks federal relief from this August 28 state court order. He contends that Attorney Wallo's complaint in Case No. 13CV403 is "in violation of the law/rules of

1

evidence," noting that "no original contracts were submitted." Bechard contends that Judge Cameron "dis-honorably did not move on any of [his] pleadings" before entering judgment against him in that case.

Bechard seeks an injunction restraining Wallo and Cameron from proceeding further in Case No. 13CV403 or from "instituting any new or other suit for a like purpose" against Bechard. Bechard also seeks special relief in the form of: (1) a "full accounting" by Wallo and Cameron regarding the loan contract or account at issue in Case No. 13CV403; (2) an award based on all funds accounted for in Case No. 13CV403; (3) title for the property in dispute; and (4) "disciplinary penal actions" against Wallo and Cameron for "abuse of the judicial system causing theft of [Bechard's] property, money, time and rights." Bechard also asks that the judgment entered in Case No. 13CV403 be expunged and removed from the Wisconsin Circuit Court Access website, found at: www.wicourts.gov.

## OPINION

Unlike state courts, which have subject matter jurisdiction over a broad assortment of causes and claims, the jurisdiction of federal courts is limited only to "cases or controversies" that are "authorized by Article III of the [United States] Constitution and the statutes enacted by Congress pursuant thereto." *Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). In other words, "[a] federal court is the wrong forum when there is no case or controversy, or when Congress has not authorized it to resolve a particular kind of dispute." *Morrison v. YTB*

2

*Intern., Inc.*, 649 F.3d 533, 536 (7th Cir. 2011) (explaining that "subject-matter jurisdiction is a synonym for adjudicatory competence").

Because of the limits on federal judicial power, district courts have a duty to determine subject-matter jurisdiction exists -- even if the parties do not raise this issue -- before reaching the merits of any case. *See Buchel-Ruegsegger*, 576 F.3d at 453. If a district court determines at any time that it lacks subject matter jurisdiction, it "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Generally, a federal district court such as this one has the authority to hear two types of cases: (1) those in which a plaintiff alleges a cognizable violation of his rights under the Constitution or federal law; and (2) those in which a citizen of one state alleges a violation of his or her rights established under state law by a citizen of another state where the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331-32. According to the pleadings and exhibits, this case does not involve a suit by the citizen of one state against citizens of another or an amount in controversy that exceeds $75,000. *See* 28 U.S.C. § 1332.

Construed generously, Bechard seeks relief from a state court judgment under 42 U.S.C. § 1983,[1] which presents a federal question for purposes of 28 U.S.C. § 1331. However, to the extent that Bechard alleges injury as the result of a court order entered against him in Case No. 13CV403, review of these allegations is severely constrained by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District*

---

[1] Section 1983 provides a remedy or private right of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

*of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 486 (1983); *see also Golden v. Helen Sigman & Assoc., Ltd.*, 611 F.3d 356, 361-62 (7th Cir. 2010) (holding that *Rooker-Feldman* barred review of claims related to a state court divorce and child custody proceedings).

The *Rooker-Feldman* doctrine prevents a party "complaining of an injury caused by [a] state-court judgment" from seeking redress in a lower federal court. *See Exxon Mobil Corp. v. Saudi Indus. Corp.*, 544 U.S. 280, 291-92 (2005). Moreover, a litigant may not avoid the *Rooker-Feldman* doctrine simply by casting his complaint in the form of a civil rights action, as Bechard would appear to be attempting to do. *See Ritter v. Ross*, 992 F.2d 750, 753 (7th Cir. 1993). Rather, litigants who feel that a state court proceeding has violated their federal constitutional rights must appeal that decision through the state court system and then as appropriate to the United States Supreme Court. *See Young v. Murphy*, 90 F.3d 1225, 1230 (7th Cir. 1990).

Bechard's allegations clearly invite scrutiny of the state court's decision in Case No. 13CV403 and he plainly asks this court to intervene in future decisions concerning the property at issue in that case. Because the allegations implicate or are so "inextricably intertwined" with that state court judgment, *Rooker-Feldman* bars federal review. *See Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008); *see also Wright v. Tackett*, 39 F.3d 155, 157-58 (7th Cir. 1993) (per curiam) (holding that *Rooker-Feldman* bars review of constitutional claims that are inextricably intertwined with state court proceedings).

Alternatively, to the extent that Bechard remains subject to proceedings in Case No. 13CV403, jurisdiction is precluded by the doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971). This doctrine, which is alternately called "abstention" or non-intervention, is based

4

on traditional principles of "equity, comity, and federalism." *SKS & Assoc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). In that respect, "[t]he *Younger* doctrine requires federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings." *SKS& Assoc.*, 619 F.3d at 677 (citing *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007)).

For these reasons, the complaint must be dismissed for lack of subject matter jurisdiction.

## ORDER

IT IS ORDERED that:

1. Plaintiff Ryan Thomas Bechard's motion to seal the pleadings (dkt. # 2) is DENIED.

2. The complaint is DISMISSED without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

Entered this 10th day of September, 2014.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge